PAWLOWSKI, Appellee,

v.

PAWLOWSKI, Appellant.

[Cite as *Pawlowski v. Pawlowski* (1992), 83 Ohio App.3d 794.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–830.

Decided Nov. 19, 1992.

*Martin, Pergram, Browning & Parker* and *Linda M. Mette,* for appellee.

*Tsitouris & Gerrity* and *Timothy D. Gerrity,* for appellant.

TYACK, Judge.

On March 8, 1990, Arlene R. Pawlowski filed a divorce complaint in the Franklin County Court of Common Pleas, Division of Domestic Relations. The complaint indicated that the parties had been married since April 24, 1971, and that they had one child, almost age nine. Personal service was obtained upon her husband, Vladimir Pawlowski, in Maryland on March 10, 1990. A temporary orders hearing was conducted, at which time temporary custody was placed with Ms. Pawlowski. Temporary alimony was ordered to be paid at the rate of $650 per month and child support was ordered to be paid at the rate of $368.33, with poundage of two percent added to each figure. No order was made as to indebtedness, since the court found insufficient funds to exist from which to make an order. Legal counsel for Mr. Pawlowski appeared at the temporary orders hearing.

Following the temporary orders hearing, no answer was filed on behalf of Mr. Pawlowski, so the trial court set the action for a "drop list" hearing on September 11, 1990. Counsel for the respective parties agreed to continue the "drop list" hearing in anticipation of an answer being filed and a pretrial conference with the trial judge being conducted. When no answer was filed by January 1991, the trial court set the cause for another "drop list" hearing. Again, the parties

agreed to a continuance of the hearing, but this time agreed to a new "drop list" hearing date of June 20, 1991.

The action was not in fact dismissed on June 20, 1991; neither was a final divorce taken. Instead, on November 1, 1991, the attorney who had appeared at the temporary orders hearing but had never filed an answer obtained court permission to withdraw as counsel for Mr. Pawlowski. On December 19, 1991, new counsel was entered on his behalf.

On January 15, 1992, a notice of final hearing was filed with the court. The action was apparently set for final hearing on March 26, 1992. The record reveals a notice to take a deposition of Ms. Pawlowski for March 7, 1992. The parties then agreed to another continuance so that the deposition could proceed. The new date set for a final divorce hearing was April 24, 1992.

Counsel for Ms. Pawlowski then filed a motion asking the trial court to adopt and enforce a settlement agreement purportedly entered into by the parties on May 22, 1991. The settlement agreement was not an agreement in writing, but an oral agreement. The motion also sought the payment of attorney fees.

On April 24, 1992, the trial court conducted an evidentiary hearing on the motion. On May 6, 1992, the court filed a decision which read:

"This matter is before the Court upon plaintiff's 'motion to adopt and enforce the parties' settlement agreement and for attorney fees.'

"The Court, being fully advised in the premises, finds that the parties entered into a binding oral contract on May 22, 1991 settling all matters arising out of their marital relationship. The Court further finds that in entering into such agreement the parties had knowledge of the values of all marital property, and in making their division of marital property implied a waiver of their rights under ORC Sec. 3105.171(G) to have the Court make written findings of fact concerning the same.

"Accordingly, the Court adopts the parties' settlement agreement as an order of this Court in granting a divorce to the plaintiff on the grounds of gross neglect of duty, effective June 20, 1991.

"By agreement of the parties, the Court has agreed to conduct a separate evidentiary hearing on the issue of expense money (attorney fees) incidental to this motion."

As a result, the trial court journalized a judgment entry/decree of divorce on May 28, 1992. The decree of divorce reflected an effective date of June 20, 1991, and purported to address all the issues before the court except what attorney fees would be appropriate.

On June 1, 1992, counsel for Mr. Pawlowski filed a request for separate findings of fact and conclusions of law. The parties subsequently agreed to a sum of $1,000 as appropriate attorney fees for the prosecution of the motion to enforce and adopt the parties' oral settlement agreement.

The trial court never provided findings of fact or conclusions of law over and above what was already to be found in the divorce decree, which runs some eleven pages.

Counsel for Mr. Pawlowski (hereinafter "appellant") then pursued an appeal to this court. Counsel has not literally assigned errors for our consideration as required by App.R. 16(A), but has set forth three issues for our consideration. Each issue includes an express allegation of an error by the trial court:

"(A) Whether the trial court erred in finding that the parties entered into a binding oral contract on May 22, 1991, settling all matters arising out of their marital relationship, without defendant-appellant's in-court acknowledgement or any writing signed or initialed by defendant-appellant.

"(B) Whether the trial court erred by failing to conduct an evidentiary hearing and making written findings of fact on the issue of division of marital property in violation of Ohio Revised Code Section 3105.171(G).

"(C) Whether the trial court erred in making an award of spousal support to plaintiff-appellee without first conducting an evidentiary hearing and making findings of fact regarding the division of marital property pursuant to Ohio Revised Code Section 3105.171(G), or conducting an evidentiary hearing regarding spousal support, in violation of Ohio Revised Code Section 3105.18."

We will overlook the defect in the brief and address the merits.

Additional pertinent facts are set forth under the respective issues.

■ We will address the error set forth in issue "(A)" as the first assignment of error. The question presented is whether the parties to a divorce action can enter into and be bound by an oral separation agreement. R.C. 3103.06 requires:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."

R.C. 3103.06 does not differentiate between oral and written contracts, so does not on its face bar an oral contract or separation agreement.

The testimony before the trial court clearly supported a finding that an oral agreement resolving the issues pertinent to the divorce was entered into by the parties. Ms. Pawlowski clearly testified that an agreement was reached. The

parties conducted themselves as if a divorce had occurred, even to the extent that appellant had a wedding ceremony with another woman subsequent to a hearing conducted on June 20, 1991, at which counsel for both parties advised the court that an agreement had been reached and an agreed judgment entry would be forthcoming. Personal property was exchanged in accordance with the terms of the oral agreement.

During the evidentiary hearing, appellant consistently referred to Ms. Pawlowski as his "ex-wife," although he denied several particulars of what she stated was the agreement of the parties and, therefore, denied that a final agreement had been reached.

The attorney who represented appellant in the early part of the divorce proceedings testified:

"Q. Did we proceed to negotiate the terms of a settlement agreement for the divorce that was pending in this county?

"A. It was my understanding that at the end of our meeting an agreement had been reached, yes.

"Q. And did you, in fact, look at the respective parties and say, 'We have an agreement?'

"A. My recollection is that when we left your office it was a matter of reducing what had been reached between the negotiations of the parties to a formal document.

"\* \* \* \*

"A. In my opinion, when we walked out of the office this case had been settled, the paper work was to follow."

Upon reviewing a letter forwarded by Ms. Pawlowski's counsel dated May 31, 1991, the former attorney for appellant affirmed that the letter fully and accurately reflected the oral agreement of the parties reached at the meeting of May 21, 1991.

A letter the former attorney himself had sent to appellant while still his counsel had a proposed judgment entry enclosed. The letter indicated: "The enclosed Entry accurately reflects what you have agreed to."

The former attorney indicated that appellant subsequently wanted to get better terms than appellant had agreed upon in May. Specifically, appellant asked the attorney to go back before the judge who appellant thought had already issued his divorce decree.

Having a written agreement or a written memorandum initialed by the parties reflecting the agreement is far preferable to an oral agreement. However, an

oral agreement is possible and can be enforced by the court in those circumstances where the terms of the agreement can be established by clear and convincing evidence. We find such evidence here. Therefore, we overrule the first assignment of error.

The second issue/assignment of error presents the question of how separation agreements, written or oral, fit within the statutory framework recently imposed by the legislature upon the domestic relations courts. Specifically, R.C. 3105.-171(G) requires:

"In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage.'"

R.C. 3105.171 could be construed to require the court to place a monetary value on every piece of personal property owned by a party or by the parties jointly in divorce proceedings. The code section does not indicate that this affixing of a value can be waived or avoided under any circumstances. However, the code does not expressly bar waiver either.

One of the maxims of statutory construction is that the legislature will be presumed not to have intended an absurd result. Interpreting R.C. 3105.171 to require a trial court to affix a monetary value to every toothpick and piece of silverware owned by the parties would be to interpret the statute in a way that leads to an absurd result. Persons of the most modest means who are in complete agreement as to the terms of their divorce could be compelled to expend thousands of dollars to acquire expert testimony as to the value of used furniture, junk auto parts, or whatever else the parties own. Clearly a waiver of the provisions of R.C. 3105.171 must be permitted.

The next issue thus becomes whether the waiver can be oral or must be in writing. A written waiver is preferable, but an oral waiver should be permissible. In certain circumstances, the waiver can be implied, as addressed in more detail below.

While an express waiver is the ideal waiver, an implied waiver also should be permitted to be found. For instance, when parties clearly intend their agreement to be a complete settlement of all issues to be addressed in their divorce, a waiver may be implied. However, the parties should have reached the complete settlement after disclosure of the assets in existence before an implied waiver of the rights under R.C. 3105.171 should be found.

800

■ With this theoretical background, we next assess whether a waiver of the mandates of R.C. 3105.171(G) should be found to have occurred in the present case. Upon review of the facts before us, we do find a waiver, given the clear and convincing evidence that the parties entered into a total settlement of the marital issues with their agreement of May 21, 1991. Further, in this case, the parties were clearly aware of their right to have all items of personal property appraised but chose for this not to occur prior to reaching a complete settlement, in part because of the expense involved in acquiring independent appraisals. So, the waiver here was more than one implied solely from the existence of an oral separation agreement. Further, the record indicates that both parties were aware of the marital assets.

As a result of the above, the second assignment of error is also overruled.

■ As to the third issue/assignment of error, the same rationale applies. A complete agreement was reached. Appellant never filed an answer in response to the complaint served upon him. The trial court could and did appropriately find a waiver of the rights which appellant would have enjoyed had he formally answered and contested the issues.

Further, the third assignment of error depends upon a finding that the trial court erred in its proceeding regarding division of the marital assets and we find no such error.

Therefore, the third assignment of error is also overruled.

All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and DESHLER, JJ., concur.