Appellant, Tamara Sue Boyce, appeals from a judgment of the Washington County Common Pleas Court, which granted the parties a divorce and divided the parties' property between them.
 Statement of the Case
The parties were married September 30, 1994; the complaint in divorce was filed August 20, 1997. It is not clear from the record when the parties separated. Appellee James Boyce had been married previously and was a widower. He had been self-employed and living in Pittsburgh, Pennsylvania. Appellant owned several rental properties and was living on the income from that rental property at the time of the marriage.
Each party brought cash, personal property, automobiles and rental real estate into the marriage. During the marriage the automobiles were traded for newer vehicles, and several rental properties were purchased and sold. The parties sold one residence and bought another. The dispute we must consider involves the allocation of property as separate or marital property and the lower court's division of that property found by the court to be marital property.
At the close of the trial on April 24, 1998, the trial court directed each party to submit proposed findings of fact. After receipt of the proposed findings of fact, the trial court then issued an "Opinion in Contested Divorce" on June 29, 1998, which made numerous findings of fact, in accordance with R.C.3105.171.
The trial court determined that several rental properties, purchased during the marriage, were the separate property of the appellee-husband, based on a tracing of funds brought by him into the marriage. Each party's automobile was found to be separate property, based again on tracing of separate assets brought to the marriage. Marital property was determined to be the remaining small amount of personal property (already divided by the parties) and the marital residence described as the "Route 2" property.
The marital residence was awarded to the appellant-wife. To equalize the division of marital property, the trial court made a distributive award of a small IRA purchased by the appellant out of her separate funds but set up in the name of the appellee. The trial court then directed the appellant to pay $21,353.86 to the appellee to complete the property division.
A "Termination Entry," prepared by husband's counsel, was accepted by wife's counsel, executed and filed by the court on July 24, 1998. This entry was certified as the final appealable order. A timely notice of appeal was filed August 24, 1998.
 OPINION
The appellant, Tamara Boyce, raises two issues, but essentially the same proposition of law, in her two assignments of error:
 I. THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE APPELLANT WHICH AMOUNTED TO AN ABUSE OF DISCRETION IN MAKING AN INEQUITABLE DIVISION OF PROPERTY.
 II. THE TRIAL COURT'S DIVISION OF THE EQUITY IN THE ROUTE 2 HOME WAS INHERENTLY INEQUITABLE TO THE APPELLANT.
 I
In dividing the real and personal property, a divorce court must follow R.C. 3105.171. The division of property by the court is basically a three-step process:
 1. Determination and assignment of property as either separate or marital.
 2. Valuation of that property determined to be marital.
 3. An equitable division of the marital property between the parties.
In step one, the assignment of property as either separate property or marital property is a factual determination. Separate property is that property found to have been acquired by one spouse before the marriage, or acquired by one of the parties by way of inheritance or gift during the marriage, and includes passive income and appreciation to that party during the marriage, R.C. 3105.171(A)(6). Separate property also includes property acquired after separation from non-marital funds.
In this determination of whether property is separate or marital property, in accordance with R.C. 3105.171, and assignment by the trial court to the appropriate category, our standard for review is whether the evidence supports this factual determination. See Rinehart v. Rinehart (May 18, 1998), Gallia App. No. 96CA10, unreported; Thomas v. Thomas (Aug. 4, 1997), Scioto App. No. 96CA2423, unreported; Wylie v. Wylie
(May 30, 1996), Lawrence App. No. 95CA8; Miller v. Miller (Dec. 1, 1993), Washington App. No. 93CA7, unreported. We must accept the trial court's assignment of property as separate or marital property unless such classification is against the manifest weight of the evidence, see Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276.
This procedure may include "tracing" of separate funds into the purchase of assets acquired during the marriage. SeeCokonougher v. Loring (Sept. 30, 1996), Hocking App. No. 95CA17, unreported. Whether these funds can be traced requires a findings of fact by the trial court as well, see Wylie,supra, and James v. James (1995), 101 Ohio App.3d 668,656 N.E.2d 399. Commingling of assets does not necessarily destroy the separate nature of property, Peck v. Peck (1994), 96 Ohio App.3d 731, 645 N.E.2d 1300.
A review of the record indicates that the court below made every effort to comply with the law in this determination. The assignment of property to either the separate or marital property category, including the task of "tracing" separate funds into purchased property, utilized by the court, is supported by the weight of evidence. The June 29, 1998 "Opinion in Contested Divorce" issued by the court below, contains numerous findings of fact gleaned from the evidence presented by the parties at trial, as well as the proposed findings of fact submitted by the parties, in accordance with the court's order of April 24, 1998. The trial court clearly complied with R.C. 3105.171. Further, it cannot be said that the evidence failed to support the finding of the lower court regarding the classification of the property as either marital or separate, as is required at this initial step of this analysis.
In the second step, the trial court must place a value on the property determined by it to be marital property, seeWylie, supra, and Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794,799, 615 N.E.2d 1071, 1075. The test here is whether the value assigned by the court is supported by the weight of the evidence. A thorough review of the record relating to the valuation of the marital property reflects that the court below went to great pains in its effort to properly value the marital property. The values assigned to the marital property by the trial court are supported by the weight of the evidence and cannot be said to constitute reversible error.
Appellant's first assignment of error is OVERRULED.
 II
Once the trial court assigns property as either separate or marital, and determines the value of the marital property, it must then make an equitable division of that marital property, the third and final step in this analysis. An equitable division does not necessarily mean equal division.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131,541 N.E.2d 597, 600.
Our standard of review of the property division in the case at bar, and whether that division was inequitable, is one of abuse of discretion. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142. In property division, we are not to substitute our judgment for that of the trial court unless we find that the lower court has abused its discretion. See Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355,421 N.E.2d 1293, 1299. The burden to establish an abuse of discretion does not merely entail our disagreement with the decision of the court below. Before we substitute our judgment for that of the trial court, we must find that the court's decision was unreasonable, arbitrary or unconscionable, Blakemore, supra.
Once again, the record reflects that the court below fashioned what it believed to be an equitable division of the marital property between the parties, as required by both R.C.3105.171 and Holcomb, supra. We find no abuse of discretion rising to the level required by Blakemore, and, therefore, no error by the trial court in the final step of this analysis, the equitable division of the marital property between the parties. Accordingly, the second assignment of error is OVERRULED.
Both assignments of error are OVERRULED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that the appellee recover of the appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered a that special mandate issue out of this court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignment of Error II.
Kline, P.J.: Concurs in Judgment Only.
For the Court
 By: ___________________________ David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.