Appellant Robin K. Davis appeals from the judgment of the Pike County Clerk Common Pleas granting her a divorce from appellee Donald E. Davis. The judgment and decree of divorce established the appellee as the residential parent of the parties' minor child, ordered appellant to pay appropriate child support, and ordered division of the marital property according to the parties' previous agreement. The trial court ordered the sale of marital real estate by auction, again, as previously agreed by the parties. Appellant objects to these orders, raising twelve assignments of error. We affirm the judgment of the trial court.
The parties were married on July 2, 1993. They had one child, Jay Edward Davis, who was born on February 2, 1994. Appellant filed her complaint for divorce on August 28, 1997. The trial court issued mutual restraining orders and allowed the appellant to remain in the marital residence.
On September 19, 1997, after a pretrial hearing, the trial court suggested a plan for temporary shared parenting orders. The proposed plan divided the child's time between each parent, so that the child would spend four days with the appellant for one week, then four days with the appellee on the alternating week. Although the trial court did not journalize a temporary order for visitation, from the record it appears that the parties followed this suggested schedule during the pendency of the divorce.
On February 12, 1998, the trial court ordered the parties to submit to psychological evaluation. On March 5, 1998, the trial court ordered submission of pre-trial statements setting forth the debts and assets of the parties, the gross income of each party, and each party's monthly living expenses. On March 9, 1998, appellee submitted his pre-trial statement, including with it a settlement proposal. After completion of discovery, including the depositions of the parties, the trial court set the matter for trial on March 19, 1998, which was later continued to April 20, 1998.
As the trial opened on April 20, 1998, counsel for the parties announced that an agreement had been reached as to the division of marital property. Counsel for the appellee read the agreement into the record without objection by appellant. The marital property, as stipulated by the parties, consisted of three principal assets:
1. The marital residence;
 2. A sixty-six acre parcel jointly owned by appellant and appellee with Kelly and Dave Seif;
3. Appellee's PERS pension.
Under the terms of the proposed property division, the parties agreed to sell the marital property at auction, and apply the proceeds to the marital debts. The appellee agreed to pay the appellant one-half the present value of his PERS pension, to be paid out of his share of the proceeds realized from the sale of the marital residence. The parties further agreed to value the pension as of the date of the filing of the complaint, August 28, 1997. Both parties acknowledged acceptance of this agreement on the record.
The trial court then heard testimony on the issue of the allocation of the parental rights and responsibilities for the parties' minor child. The appellant called several witnesses, including her ex-husband and her son by that marriage, her brother, and her sister. The trial court continued the matter for further hearing on June 16, 1998. When the trial continued, appellant presented the balance of her case. Appellant called a neighbor and another one of her brothers to testify and concluded with her own testimony.
During the June 16 portion of the trial, the court took a brief recess after the conclusion of appellant's second witness. When trial resumed, however, no record was made of the appellant's testimony, the opening of appellee's case, or the testimony of several of appellee's witnesses. The balance of appellee's case, including appellee's own testimony, was recorded and is in the record.
On July 1, 1998, the trial court issued a preliminary decision on the allocation of parental rights and responsibilities and child support. The court determined that the best interests of the Child would be served by continuing the shared parenting arrangement, including the fourteen day schedule which evenly divided the child's time between the parents. The court directed appellant's counsel to prepare a proposed final decree of divorce. The court also directed both parties to submit child support computations for the court's review.
A child support worksheet was filed on July 9, 1998, but the record is silent as to which party submitted this worksheet. Appellant's counsel did not file a proposed final decree, as the trial court had ordered. It appears, however, that appellee's counsel circulated a proposed journal entry and decree of divorce to the court and to appellant.
On September 22, 1998, the trial court scheduled a status conference for October 27, 1998. On September 24, 1998, appellant's trial counsel moved for leave to withdraw, and the trial court granted that request. Appellant, pro Se, requested a continuance of the October 27 status conference, which the trial court rescheduled for November 5, 1998.
On October 26, 1998, appellant's new counsel moved the trial court to disapprove appellee's proposed entry. Appellant objected to adoption of the shared parenting plan by the trial court, noting that R.C. 3109.04 (D) (1) (b) does not permit the trial court to impose such a plan upon the parties where neither party requested shared parenting. Further, appellant moved to reopen the property division previously entered on the record on April 20, 1998, claiming fraud by the appellee in a 1996 transfer of the one-half interest in the sixty-six acre parcel to Dave and Kelly Seif. Finally, appellant claimed she had not agreed to sell the marital property by auction. On November 4, 1998, appellant filed a further request for rehearing on the allocation of parental rights.
At hearing on November 5, 1998, the trial court denied appellant's request for continuance, modified the previous order allocating parental rights to designate the appellee as the residential parent, and ordered the appellee's counsel to draft the decree. The court issued its final decree of divorce on December 7, 1998, adopting the previously agreed property division, including the agreement to sell the marital property at auction. The decree designated appellee as the residential parent but retained the fourteen-day visitation schedule previously established by order on July 1, 1998. Finally, the decree ordered appellant to pay $23.56 per week to appellee for child support.
Appellant filed a timely notice of appeal from this order. Appellant raises the following twelve assignments of error for our consideration:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY DESIGNATING THE DEFENDANT-APPELLEE AS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES' MINOR CHILD WITHOUT AN EVIDENTIARY HEARING TO DETERMINE THE ALLOCATION OF PARENTAL RIGHTS AFTER THE COURT HAD VACATED THE ORAL SHARED PARENTING PLAN OF THE PARTIES ON NOVEMBER 5, 1998.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY DESIGNATING THE DEFENDANT-APPELLEE AS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE PARTIES' MINOR CHILD.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION FILED ON NOVEMBER 4, 1998 FOR A REHEARING ON THE ALLOCATION OF PARENTAL RIGHTS SINCE PLAINTIFF APPELLANT'S TESTIMONY AND AT LEAST FIVE (5) OF DEFENDANT-APPELLEE'S WITNESSES' TESTIMONY WAS NOT RECORDED AT THE HEARING HELD ON JUNE 16, 1998.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO ACCEPT PLAINTIFF-APPELLANT'S PROFFER OF EVIDENCE FILED ON NOVEMBER 17, 1998.
 V. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO GRANT PLAINTIFF-APPELLANT'S MOTION TO SET ASIDE THE PROPERTY AGREEMENT ENTERED ON THE RECORD ON APRIL 20, 1998, AND ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY FAILING TO GRANT A NEW HEARING ON THE DIVISION OF MARITAL ASSETS.
 VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY FAILING TO SET ASIDE THE PROPERTY AGREEMENT WITH REGARDS TO REAL ESTATE OWNED BY THE PARTIES LOCATED IN SEAL TOWNSHIP, PIKE COUNTY, WHEN THE PLAINTIFF-APPELLANT RAISED A GENUINE ISSUE AS TO THE LIKELIHOOD OF FRAUD BEING INVOLVED IN THE ALLEGED CONVEYANCE OF ONE-HALF OF THE PARTIES INTEREST IN THE PROPERTY.
 VII. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY ORDERING IN ITS JUDGMENT ENTRY DECREE OF DIVORCE OF DECEMBER 7, 1998 THAT THE BALANCE OF A COGNOVIT NOTE TO DAVID D. SEIF BE DISCHARGED FROM THE PROCEEDS OF THE SALE OF THE SEAL TOWNSHIP, PIKE COUNTY REAL ESTATE.
 VIII. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY DENYING PLAINTIFF-APPELLANT'S MOTION FILED ON OCTOBER 26, 1998 IN WHICH PLAINTIFF APPELLANT REQUESTED THE COURT TO VACATE THE TEMPORARY ORDER REQUIRING HER TO PAY THE MORTGAGE PAYMENTS ON THE MARITAL RESIDENCE AND ERRED BY FAILING TO SCHEDULE SAID MOTION FOR HEARING AND THEREAFTER ORDERING THAT THE MORTGAGE PAYMENTS, UNTIL THE SALE OF THE PROPERTY, WOULD BE INCLUDED IN THE PAY-OFF AT AUCTION.
 IX. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF APPELLANT BY FAILING TO DETERMINE IN ITS JUDGMENT ENTRY DECREE OF DIVORCE OF DECEMBER 7, 1998 THE PERIOD OF TIME "DURING THE MARRIAGE" WITH RESPECT TO THE DIVISION OF MARITAL PROPERTY.
 X. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE PLAINTIFF APPELLANT IN ITS JUDGMENT ENTRY DECREE OF DIVORCE OF DECEMBER 7, 1998 WITH RESPECT TO THE DIVISION OF MARITAL PROPERTY WHEN IT FAILED TO MAKE WRITTEN FINDINGS OF FACT THAT SUPPORT THE DETERMINATION THAT THE MARITAL PROPERTY HAS BEEN EQUITABLY DIVIDED AND BY FAILING TO SPECIFY THE DATE TO BE USED IN DETERMINING THE MEANING OF "DURING THE MARRIAGE."
 XI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION BY ORDERING THE MARITAL ASSETS OF THE PARTIES SOLD AT AN AUCTION.
 XII. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT AND ABUSED ITS DISCRETION IN COMPUTING CHILD SUPPORT TO BE PAID BY THE PLAINTIFF-APPELLANT WITHOUT A HEARING AND FAILED TO GIVE PLAINTIFF-APPELLANT CREDITS TO WHICH SHE IS ENTITLED FOR CHILD CARE AND INSURANCE.
 OPINION
Assignments of Error I, II and III, all of which regard the allocation of parental rights and responsibilities, shall be addressed together. Assignments of Error IV, V, VI, VII, IX, X, and XI shall then be considered together, because all of these assignments of error raise issues concerning the division of marital property between the parties. The issues raised by Assignments of Error VIII and XII shall then be individually addressed.
Our standard of review for Assignments of Error I through XI, inclusive, is one of abuse of discretion. See Booth v. Booth
(1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. A trial court will not be found to have abused its discretion unless its decision involves more than an error in judgment and can be characterized as unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1989), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
 I CUSTODY
Appellant's first three assignments of error question the allocation of parental rights and responsibilities by the trial court. When applying the abuse of discretion standard of review, an appellate court must not substitute its judgment for that of the trial Court. See In re Jane Doe 1 1991), 57 Ohio St.3d 135,138, 566 N.E.2d 1181, 1184-1185. In Miller v. Miller(1988),37 Ohio St.3d 71, 523 N.E.2d 846, the Supreme Court of Ohio stated:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
Id. at 74, 523 N.E.2d at 849 (citations omitted).
The trial court, at a preliminary hearing on September 18, 1997, suggested a rotating fourteen-day schedule of visitation and requested the parties to prepare a shared parenting plan. Neither the parties nor the court prepared any temporary orders based on this visitation schedule prior to trial. As trial began on April 20, 1998, the parties entered their agreement on all issues, except parental rights allocation and child support. On July 1, 1998, the trial court issued a preliminary ruling on the contested issue of custody. The trial court found that shared parenting would be in the best interest of the child and adopted an order for visitation based on the earlier fourteen-day schedule.
By motion dated October 26, 1998, appellant correctly noted that R.C. 3109.04 (D) (1) (b) does not permit the trial court to sua sponte create a shared parenting plan, where neither party requested shared parenting. On November 4, 1998, appellant moved for a rehearing of the parental rights issues. The trial court, on November 5, 1998, denied her motion for rehearing, vacated the July 1, 1998 shared parenting order, and designated appellee as the residential parent. In her First Assignment of Error, appellant claims the trial court erred when it vacated the "oral shared parenting agreement." We find nothing in the record to indicate either party requested shared parenting. Hence, appellant was correct when she argued the trial court lacked authority to sua sponte order shared parenting. See Piwinski v.Piwinski (Mar. 18, 1999). Cuyahoga App. No. 73956, unreported, and Wangugi v. Wangugi (Sept. 4, 1996), Ross App. No. 95CA2160, unreported.
We find that the July 1, 1998 entry ordering shared parenting was, at best, an interim or temporary order. The trial court corrected any earlier error when it vacated this temporary order and designated appellee as the residential parent in the final decree.
Appellant argues that by taking this action the trial court further abused its discretion and that the trial court should have reheard the matter of parental rights because the reporter failed to record several witnesses, including the testimony of the appellant, at the hearing of June 16, 1998.
We disagree. Where an allocation of parental rights and responsibilities is supported by a "substantial amount of credible and competent evidence" the decision will not be reversed. See Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159, 1162, quoting Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178, syllabus.
A trial court's judgment in custody matters enjoys a presumption of correctness. Butler v. Butler (1995), 107 Ohio App.3d 633,638, 669 N.E.2d 291, 294. Accordingly, a trial court has broad discretion when it decides the allocation of parental rights and responsibilities. Donovan v. Donovan (1996), 110 Ohio App.3d 615,618, 674 N.E.2d 1252, 1254. The trial court had the benefit of two full days of testimony, as well as the psychological evaluations of the parties, upon which to base its decision. We will not disturb the findings of fact by the trial court on appeal if supported by some competent, credible evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273, 1276. Absent an abuse of discretion, an appellate court will not reverse the custody award of the trial court. An appellate court should not substitute its judgment for that of the trial court. Trickey v. Trickey (1952), 158 Ohio St. 9,106 N.E.2d 772.
App. R. 9 (B) provides, in pertinent part:
 If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion
When no transcript is filed as provided for by App. R. 9 (B), this court must affirm the decision of the lower court as this court is unable to evaluate the merits of the assignment of error. Farmers Credit Assn. v. Stoll (1987), 37 Ohio App.3d 76,77, 523 N.E.2d 899, 900; Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1239. The duty falls upon the appellant to insure the record is complete because the appellant bears the burden of showing that error exists by reference to the matters in the record. See State v. Prince
(1991), 71 Ohio App.3d 694, 595 N.E.2d 376. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon, and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385.
It is not clear from the record precisely when appellant became aware that the record of the June 16, 1998 hearing was incomplete. However, the appellant's November 4, 1998 motion for rehearing refers to portions of this transcript being missing. If the transcript was unavailable, appellant could provide an alternative to the transcript by filing a Statement of the Evidence or Proceedings under App. R. 9 (C) or an Agreed Statement of the Record under App. R. 9 (D). The trial court did not supply us with an App.R. 9 (C) statement, and appellant has apparently been unable to reach agreement with the appellee on a App.R. 9 (D) statement.
Review of the incomplete transcript, which includes the testimony of appellee, does not support appellant's claim that the trial court abused its discretion by designating appellee the residential parent. Finding no merit in appellant's assignments of error, we OVERRULE appellant's Assignments of Error I, II, and III.
 II PROPERTY DIVISION
Assignments of Error IV, V, VI, VII, IX, X, and XI, raise issues regarding division of the marital property. Assignments of Error IV, VI, and VII specifically concern the claimed fraudulent transfer of certain real estate by appellee. On February 29, 1996, appellee transferred a one-half interest in a sixty-six acre parcel, jointly owned by the appellant and appellee, to Dave and Kelly Seif. Appellant claims that appellee induced her to sign a blank deed by fraudulently representing to her that he owed money to the grantees.
A review of appellant's deposition of December 9, 1997, indicates that she was aware of the alleged problem with this deed at the time of that deposition. Even so, appellant did not raise this issue in the court below until October 26, 1998. She later attempted to proffer evidence concerning this transfer in objections filed with the trial court on November 17, 1998.
The record reveals that the mutually agreed property division agreement was entered into the trial court on April 20, 1998. Ordinarily, the trial court in a divorce must attempt a fair and equitable division of the marital property, and the trial court "is obligated to make a division based upon principles of equitable distribution." Walther v. Walther (1995), 102 Ohio App.3d 378,382, 657 N.E.2d 332, 334-335. However, "a contract does not have to be fair or equitable to be enforceable. Contracts, including settlement agreements, can be unfair or favor one side over the other." Id. at 383, 657 N.E.2d at 335
(citations omitted). See, also, MacNealy v. MacNealy (Oct. 31, 1997), Clark App. No. 96CA125, unreported.
 Thus, when the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable. Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. (Emphasis added.)
Walther, 102 Ohio App.3d at 383, 657 N.E.2d at 335.
A claim of duress requires proof that one side involuntarily accepted the terms of another, that circumstances permitted no other alternative, and that the circumstances were the result of coercive acts of the opposite party. Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 246, 551 N.E.2d 1249, 1251. Appellant failed to supply any evidence that she entered into this property division agreement under duress. Appellant was represented by counsel and had the opportunity for discovery well in advance of trial. We find no merit in Assignments of Error VI or VII.
The content of the appellant's deposition, taken in December 1997, five months before trial, indicates that she was aware of some possible problem with this land transfer to the Seifs. She had full opportunity for discovery before trial in April 1998. Yet, she voluntarily agreed to the property division settlement in open court on the first day of trial. We find no error by the trial court in refusing to consider appellant's evidence regarding this transfer when proffered in November 1998, some eleven months after her deposition. We, therefore, find no merit to appellant's Assignment of Error IV.
Appellant argues that the failure of the trial court to set aside the property agreement prejudiced her. "Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement." Walther, 102 Ohio App.3d at 383, 657 N.E.2d at 335. Generally, where a party files a motion to set aside an in-court settlement agreement, the authority of the trial court to uphold or vacate such an agreement is discretionary. Kelley v. Kelley (1991), 76 Ohio App.3d 505, 509, 602 N.E.2d 400, 402.
Appellant's sole basis for her motion to set aside the property agreement is the alleged fraudulent transfer of the one- half interest in the subject sixty-six acre parcel. We find no abuse of discretion by the trial court in overruling appellant's motion to set aside the property division agreement, or in refusing to grant a new hearing. Accordingly, we find no merit in appellant's Assignment of Error V.
Appellant's Assignment of Error IX concerns the establishment of August 28, 1997, as the termination date of the marriage, rather than December 7, 1998, the date of the decree. R.C.3105.171 (A) (2) (a) provides that "during the marriage" generally means the period from the date of marriage through the date of final hearing in an action for divorce. However, R.C.3105.171 (A) (2) (b) also provides that, if the court determines that use of that date would be inequitable, the court may select a date that it considers equitable for determining the division of marital property. "Equity may occasionally require valuation as of the date of the de facto termination of the marriage."Berish v. Berish (1982), 69 Ohio St.2d 318, 320, 432 N.E.2d 183,185. Here, the parties agreed that appellee's PERS pension should be valued as of the date appellant filed her complaint for divorce. Appellant raised no objection to the use of this date for valuation of appellee's PERS pension, and it was this date that was incorporated into the agreed property settlement, and entered into the record on April 20, 1998. Hence, the trial court committed no error by using that date to determine the duration of the marriage in its December 7, 1998 decree. We find no merit to appellant's Assignment of Error IX.
Appellant claims, in her Assignment of Error X, that the trial court abused its discretion when it failed to make written findings of fact to support the property division, as required by R.C. 3105.171 (G). However, the parties may waive their rights under R.C. 3105.171 if they "clearly intend their agreement to be a complete settlement of all issues." Pawlowski v. Pawlowski
(1992), 83 Ohio App.3d 794, 799, 615 N.E.2d 1071, 1075. A waiver should not be implied unless there is full disclosure of assets before the parties reach a settlement agreement. Id.
Here, the parties reached an agreement regarding the disposition of all of their marital assets and stated that agreement on the record in open court. The record indicates that there was full disclosure of the marital assets. By agreeing to the complete disposition of the marital assets, appellant impliedly waived the requirements of R.C. 3105.171 (G). Her Assignment of Error X has no merit.
In her Assignment of Error XI, appellant argues the trial court erred by ordering the marital property sold at auction. The transcript of the April 20, 1998 hearing is clear and unambiguous. The parties intended that the marital property be sold "at a public auction by a mutually agreed upon auctioneer." We find no error in the decree, since it accurately reflects the stated intention of the parties in their property settlement. Assignment of Error XI has no merit.
The appellant had full opportunity for discovery. She had the advice of counsel. She voluntarily entered into an agreement on the record for the division of marital property. We find no error in the refusal of the trial court to reopen this matter. Appellant's Assignments of Error IV, V, VI, VII, IX, X, and XI are OVERRULED.
 III
Appellant's Assignment of Error VIII concerns the effect of a temporary order. At the initial hearing in this matter, the trial court permitted the appellant to continue to reside in the marital domicile. Subsequently, the trial court ordered her to maintain the mortgage payments on this property. She vacated the marital residence in July 1998 and, in October 1998, moved the trial court for an order to suspend its prior order, which required her to pay the mortgage payments on the marital residence.
We note that the settlement agreement includes a provision for the division of marital debts, as well as payment of these debts from the proceeds of the sale of marital property. Appellee notes that the decree provides for further allocation of this mortgage debt, if necessary. R.C. 3105.171 (I) specifically provides that a division or disbursement of property is not subject to future modification by the court. Ricketts v. Ricketts (1996), 109 Ohio App.3d 746,751, 673 N.E.2d 156, 159; Parsons v. Parsons (Aug. 15, 1997), Jackson App. No. 96CA791, unreported. When the trial court adopted the parties' settlement agreement and incorporated it into the divorce decree, it lost ""its nature as a contract the moment it [was] adopted.' Proctor v. Proctor (1997), 122 Ohio App.3d 56,59, 701 N.E.2d 36, 37, quoting Wolfe v. Wolfe (1976),46 Ohio St.2d 399, 350 N.E.2d 413, paragraph four of the syllabus.
However, where there is good faith confusion over the requirements of the agreement set forth in the decree, the court has the power, and indeed the duty, to clarify the matter and resolve the dispute. The trial court has broad discretion in clarifying ambiguities by considering the intent of the parties and the equities involved. Bond v. Bond (1990), 69 Ohio App.3d 225,228, 590 N.E.2d 348, 350. The construction of a contract, including a property division agreement incorporated into a divorce decree, must be accomplished ""so as to carry out the intent of the parties, as that intent is evidenced by the contractual language.' Troha v. Troha (1995), 105 Ohio App.3d 327,334, 663 N.E.2d 1319, 1323, quoting Skivolocki v. East OhioGas Co. (1974), 38 Ohio St.2d 244, 313 N.E.2d 374, paragraph one of the syllabus.
Therefore, any claim appellant believes she has in this regard must be raised at the time the trial court orders the division of the proceeds from the sale of the marital property. We note, as well, that the trial court retains the right to enforce the terms of this property division, including the power to order payment of any amounts due under the agreement from one party to another. See Bond, supra.
Appellant's Assignment of Error VIII is OVERRULED.
 IV
Appellant's twelfth and final assignment of error claims prejudice to her in the calculation of child support. Our task here is to determine whether or not the trial court followed the mandates of R.C. 3113.215. See DePalmo v. DePalmo (1997), 78 Ohio St.3d 535,679 N.E.2d 266. The trial court must follow the child support statute "literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496, paragraph two of the syllabus. To comply with these statutory mandates, the trial court must complete a child support worksheet and include it in the record. The trial court met this standard by preparing a worksheet and attaching it to the decree of divorce.
However, appellant argues that the court failed to give her credit for childcare and insurance costs in preparing the child support calculation. The record reflects the parties agreed to share the costs of childcare equally. We find the cost of insurance, $832, entered on the worksheet at line 23 but not at line 19. Our recalculation of support indicates this was harmless error that did not prejudice appellant. In addition, the trial court ultimately deviated from the guidelines because of the extended times of visitation contained in the decree. See R.C.3113.215 (B) (3) (d); Roddy v. Roddy (Jan. 11, 1999), Pike App. No. 97CA600, unreported. Neither party objected to this deviation, which halved appellant's weekly payment.
We find that the trial court complied with the requirements of R.C. 3113.215 and did not abuse its discretion in granting a deviation from the calculated amount of child support. Appellant's Assignment of Error VII is OVERRULED.
Having found neither error nor abuse of discretion on the part of the trial court, the decision of that court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Pike County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion. Abele, J.: Concurs in Judgment Only.
________________________ David T. Evans, Judge