JOURNAL ENTRY AND OPINION
{¶ 1} H.A.M. Landscaping, Inc. (H.A.M.) appeals from a judgment of the trial court granting Mary Fisco's motion to enforce a settlement. On appeal, H.A.M. assigns the following as error for our review:
 {¶ 2} "The trial court committed reversible error when it entertained and granted plaintiff-appellee's motion to enforce settlement as the parties had failed to reach a final binding settlement that could be enforced by the trial court."
 {¶ 3} "The trial court committed reversible error and exceeded its authority when it entertained and granted plaintiff-appellee's motion to enforce settlement as the case was previously dismissed with prejudice."
 {¶ 4} "The trial court committed reversible error when it entertained and granted plaintiff-appellee's motion to enforce settlement as plaintiff-appellee's motion to enforce settlement was untimely filed, under Rule 60(B) of the Ohio rules of civil procedure."
 {¶ 5} After having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 6} H.A.M. and Fisco entered into a landscaping contract in April 1995; a dispute arose when H.A.M. allegedly damaged Fisco's property. Pursuant to the terms of the contract, the parties arbitrated the dispute. The arbitrator made an award to Fisco and the parties attempted to resolve the remaining issues.[1] When settlement attempts failed, Fisco filed a complaint in the Cuyahoga County Court of Common Pleas seeking to confirm the arbitrator's award; H.A.M. moved to dismiss the complaint, alleging it was untimely filed. H.A.M. also moved to vacate the arbitration award. The parties met at a pretrial conference in front of the trial court, reached an agreement and signed a joint motion to dismiss. The journal entry dated January 22, 1999 states "the instant matter is settled and dismissed." The agreement mutually released the parties and directed H.A.M. to pay Fisco $16,000. Mary Fisco died three weeks after receiving the proposed settlement. Therefore, the agreement was never signed.
 {¶ 7} The dispute herein is with the terms of the settlement; Fisco maintained an agreement to the core terms was reached. The core terms, according to her interpretation, directed a mutual release and H.A.M. to pay Fisco $16,000. However, H.A.M. states no agreement had ever been reached because outstanding issues remained to be resolved. Following Fisco's death, counsel representing her estate petitioned the trial court to enforce the alleged settlement. The trial court conducted a hearing on the motion where Lisa Mann, counsel for H.A.M., testified she did not believe the parties had reached an agreement because Fisco's counsel never communicated an acceptance to the terms. John Burke III, counsel for Fisco, testified the parties agreed to a mutual release and payment by H.A.M. of $16,000. The trial court enforced the settlement as drafted by Mann, which ordered H.A.M. to pay Fisco $16,000; it also mutually released the parties, ordered Fisco to assume financial responsibility for the fees of two arbitrators and fifty percent of a third arbitrator, and dismissed the action with prejudice. Apparently, the parties failed to reach an agreement as to who would pay for the experts.
 {¶ 8} We address appellant's second assigned error first because it is dispositive of the jurisdictional issue presented in this case. A trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit.[2] A trial court loses the authority to proceed in a matter when the court unconditionally dismisses an action as the court no longer retains jurisdiction to act.[3]
 {¶ 9} When an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur.[4] When a factual dispute arises regarding the existence of the terms of a settlement agreement, as in this case, Ohio courts have held that an evidentiary hearing is required in order to determine the nature of the purported settlement.[5]
 {¶ 10} Here, the trial court's journal entry dated January 22, 1999, states "the instant matter is settled and dismissed." The fact that the court dismissed the matter "with prejudice" is irrelevant. The dismissal entry was clearly a conditional dismissal based on a settlement agreement and, as such, the trial court retained jurisdiction to hear a motion to enforce the settlement agreement.
 {¶ 11} Faced with a factual dispute concerning the nature and terms of the settlement, the trial court properly set the matter for an oral hearing to determine the extent of the disputed terms.[6] The trial court was not barred from jurisdiction simply because a year had passed. We note for example a four-year statute of limitation to enforce a contract of this nature. One year consequently is not unreasonable to enforce the settlement. Accordingly, we conclude the trial court did not lose its authority to entertain Fisco's motion to enforce the settlement because the condition had not been met. The second assigned error is without merit.
 {¶ 12} We are mindful that both parties had recourses they could have followed. At the outset, H.A.M. had sufficient information that Fisco had disagreements with some of the terms. To protect its interest, one option would have been to deposit the money with the court until Fisco settled. Fisco's options were two-fold, she could have sued H.A.M. for breach of contract or, as she ultimately did, moved the court to enforce the settlement agreement. In any event, the trial court retained jurisdiction over the settlement because of the conditional nature of the settlement.
 {¶ 13} Appellant's first assigned error argues the court erred when it granted Fisco's motion to enforce the settlement when an agreement on the terms had not been reached.
 {¶ 14} H.A.M. does not dispute the fact that it agreed to pay Fisco $16,000 and to release Fisco. Likewise, Fisco agrees she was to receive $16,000 from H.A.M. and to release H.A.M. The core terms of the settlement were not in dispute at the time of negotiations or now. We do not find the absence of a written agreement fatal;[7] it is clear from the testimony presented at the hearing the parties agreed on two issues, the money and the release. It is preferable that a settlement be memorialized in writing;[8] however, an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract.[9] Terms of an oral contract may be determined from "words, deeds, acts, and silence of the parties."[10] Accordingly, we agree with the trial court that a settlement in this case had been reached. The first assigned error is without merit.
 {¶ 15} In its third assigned error, H.A.M. argues the motion to enforce the settlement was untimely filed pursuant to Civ.R. 60(B). The lower court file indicates Fisco filed a "Motion to Enforce Settlement" and not a Civ.R. 60(B) motion. Accordingly, timeliness is not an issue. The third assigned error is also without merit and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Neither party addresses the nature of the issues that remained to be solved.
[2] Estate of Sam Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. No. 66195, 66200, citing, Mack v. Polson (1984), 14 Ohio St.3d 34.
[3] State, ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70.
[4] Tepper v. Heck (Dec. 10, 1992), Cuyahoga App. No. 61061.
[5] Palmer v. Kaiser Found. Health (1991), 64 Ohio App.3d 140.
[6] Id.
[7] Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36; Zigmontv. Toto (1988), 47 Ohio App.3d 181.
[8] Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794, 798-799.
[9] Spercel, supra.
[10] Rutledge v. Hoffman (1947), 81 Ohio App. 85, paragraph one of the syllabus; see, also, Ford v. Tandy Transp., Inc. (1993),86 Ohio App.3d 364.