In re Raymond PORRELLO,
Jr., Debtor.

Union National Mortgage
Co., Plaintiff,

v.

Raymond Porrello, Jr., Defendant.

Bankruptcy No. 07–10053.
Adversary No. 07–01147.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

April 16, 2008.

Frank J. Groh–Wargo, Berea, OH, Richard A. Baumgart, Robert D. Barr, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Plaintiff.

Richard H. Nemeth, Cleveland, OH, for Defendant.

## *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is the Motion to Enforce Settlement Agreement and for Attorney's Fees (the "Motion") submitted by the Plaintiff, Union National Mortgage Company ("Plaintiff"), over the objection of the Debtor–Defendant, Raymond Porrello, Jr. ("Debtor" or "Defendant"). This Court acquires jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157 and General Order No. 84 of this District. Upon a duly noticed hearing and a review of the record, the following findings of fact and conclusions of law are hereby rendered:

\*

The Debtor filed his petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on January 4, 2007 (the "Petition Date"). The first meeting of creditors was held on February 6, 2007. The Plaintiff commenced this adversary proceeding by filing its Complaint to Determine Dischargeability of Debt and Objecting to Discharge Pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and 727 (the "Complaint") on April 4, 2007. Trial was scheduled for January 16, 2008. The morning of trial, the parties appeared and reported a purported settlement (the "Settlement Agreement"). In pertinent part, the parties stated the following:

> Because of the nature of the agreement that we have reached, there are some things that have to happen to put it in

place, but we wanted to explain to the court where we're at and put it on the record.

The defendant has agreed to consent to a judgment of nondischargeability in the amount of $100,000.00. The plaintiff has agreed to accept $55,000.00 in payment from or on behalf of the Debtor for all claims against the Debtor. That debt is to be secured by a mortgage ... on some property that is owned by the Debtor's spouse.

Assuming that we get the mortgage and the spouse signs for the $55,000.00, ... that we verify that the property is free and clear, we get the mortgage properly executed....

If all those things go into place, the adversary would go away.

Transcript, p. 2–3. This Court then instructed the parties to submit a proposed entry of settlement for approval. Subsequently, Debtor's counsel communicated to Plaintiff's counsel that the Debtor's spouse had retained separate counsel and will not sign the Settlement Agreement. Plaintiff promptly filed the subject Motion, which the Debtor opposes.

\* \*

Plaintiff contends that a valid, enforceable and binding oral settlement agreement was made between the parties, even though it was not reduced to a writing, because the essential terms of the Settlement Agreement were read into the record before the Court on the morning of trial. It further contends that all parties to the Settlement Agreement were present and consulted with during the settlement negotiations, including the Debtor's spouse. Plaintiff relies on *In re Rhoads Industries, Inc.*, 162 B.R. 485, 489–90 (Bankr. N.D.Ohio 1993) to support its argument.

The Debtor contends that the Debtor's spouse was not represented by counsel, did not participate in settlement negotiations, and did not assent to the purported Settlement Agreement. He asserts that the facts in the present case are distinguishable from *In re Rhoads*. He argues that the report to the Court of a settlement is not an enforceable or binding oral agreement where such was contingent on certain conditions being met and was made without the assent of the Debtor's spouse, a non-party, who owns the subject property (the "Property") involved in the proposed settlement.

\* \* \*

The issue before this Court is whether a conditional oral accord is tantamount to an enforceable settlement.

\* \* \* \*

■ The party seeking to enforce settlement must prove the alleged settlement agreement by clear and convincing evidence. *In re Rhoads Industries, Inc.*, 162 B.R. 485, 490 (Bankr.N.D.Ohio 1993) *citing Anschutz v. Radiology Assocs. of Mansfield, Inc.*, 827 F.Supp. 1338 (N.D.Ohio 1993).

\* \* \* \* \*

■ " 'It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.' " *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988), *quoting Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.1976). "A federal court possesses this power 'even if that agreement has not been reduced to writing.' " *Brock v. Scheuner*, 841 F.2d at 154 *quoting Bowater N. Am. Corp. v. Murray Machinery, Inc.*, 773 F.2d 71, 76 (6th Cir.1985). Settlement agreements are contracts, and whether they are enforceable is " 'determined by reference to the state substantive law governing contracts generally.' " *Bameri-*

lease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.1992), quoting White Farm Equip. Co. v. Kupcho, 792 F.2d 526, 529 (5th Cir.1986).

■ Under Ohio law, "having a written agreement or a written memorandum initialed by the parties reflecting the agreement is far preferable to an oral agreement." Pawlowski v. Pawlowski (1992), 83 Ohio App.3d 794, 798–799, 615 N.E.2d 1071. However, "an oral settlement agreement may be enforceable if there is sufficient particularity to form a binding contract." Kostelnik v. Helper, 96 Ohio St.3d 1, 2002 Ohio 2985, 770 N.E.2d 58, 61 (Ohio 2002); see also Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 39, 60 Ohio Op.2d 20, 285 N.E.2d 324.

■ "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." Perlmuter Printing Co. v. Strome, Inc. (N.D.Ohio 1976), 436 F.Supp. 409, 414. A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract. Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations (1991), 61 Ohio St.3d 366, 369, 575 N.E.2d 134.

■ Where there is no meeting of the minds, a settlement agreement is unenforceable. See, In re Nicholson Industries, Inc., 73 B.R. 266, 269 (Bankr. N.D.Ohio 1987). Whether a mutual assent or meeting of the minds has occurred is a question of fact to be determined by the court from a review of the record as a whole. Id.; see also, WO Co. v. Benjamin Franklin Corp., 562 F.2d 1339 (1st Cir. 1977); Zehr v. Wardall, 134 F.2d 805 (6th Cir.1943). Additionally, in determining whether to enforce an alleged settlement agreement, a court must decide whether "agreement has been reached on all material terms." Brock, 841 F.2d at 154.

■ A central term of the proposed Settlement Agreement in this case involved the Property owned by the Debtor's spouse. Although the record demonstrates that the parties reached a resolution regarding an amount of money that the Plaintiff agreed to accept as payment for its claims against the Debtor, the record does not reflect that the Debtor's spouse, owner of the Property, agreed to grant a mortgage on her Property to secure the payment as proposed in the Settlement Agreement. Because payment of the settlement amount was contingent upon the Debtor's spouse signing a mortgage agreement, which she does not agree to do, a material term of the proposed Settlement Agreement remains unsettled. Consequently, there was not a meeting of the minds on all material elements of the contract and the reported conditional oral settlement agreement is non-binding on the parties.

Plaintiff cites In re Rhoads in support of its contention that the Debtor's spouse is bound by the proposed Settlement Agreement, even though the alleged agreement was not reduced to a writing. In In re Rhoads, the court enforced an oral settlement agreement in the absence of a signed written settlement agreement. In re Rhoads Industries, Inc., 162 B.R. 485 (Bankr.N.D.Ohio 1993). A settlement agreement will be enforced where the attorney has informed the client of the material provisions of the settlement agreement and has express authority to settle. Id. In the Rhoads case, as here, conflicting versions of what transpired during settlement negotiations were asserted. Id. Therein, a husband and wife disputed the existence of

a settlement agreement and their attorney's authority to settle their claims. *Id.* The *Rhoads* court found that the attorney was paid a retainer to represent both the husband and the wife, that both the husband and the wife participated in the settlement discussions, that the attorney had received express authority and mutual assent to settle the matter on behalf of both of them, and the agreement reached resolved all material terms. *Id.*

The present case is distinguishable from *In re Rhoads.* Here, nothing has been presented to support Plaintiff's contention that the Debtor's spouse was represented by counsel, participated in the settlement discussions, or gave her assent to the proposed Settlement Agreement. The statements made in support of such argument are wholly conclusory and refuted. Although the parties made a statement on the record, the statement does not demonstrate that an agreement was reached on all material terms or that the Debtor's spouse gave her assent. Absent evidence to the contrary, Plaintiff's reliance on *In re Rhoads* is not well-premised and Plaintiff has not met its burden to prove the alleged settlement agreement by clear and convincing evidence.

\* \* \* \* \* \*

Accordingly, the Motion to Enforce Settlement Agreement and for Attorney's Fees is hereby denied and the Debtor's Objection is sustained. Each party is to bear its own costs.

**IT IS SO ORDERED.**

### JUDGMENT

A Memorandum of Opinion and Order having been rendered by the Court in this matter, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion to Enforce Settlement Agreement and for Attorney's Fees is hereby denied and the Debtor's Objection is sustained. Each party is to bear its own costs.

**IT IS SO ORDERED.**