COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| CUGINI & CAPOCCIA BUILDERS, INC. | : | Hon. John W. Wise, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 15 CAE 10 0086 |
| | : | |
| DR. OLUGBENGA FELIX TOLANI, et al. | : | |
| | : | O P I N I O N |
| | : | |
| Defendants-Appellants | : | |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No.  14 CV H 02 0081

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:         February 4, 2016

APPEARANCES:

For Plaintiff-Appellee

MICHAEL W. CURRIE
CURRIE & ASSOCIATES LLC
250 North Hartford Avenue, Suite 300
Columbus, Ohio  43222

For Defendants-Appellants

DAVE LACKEY
SCHERNER & SYBERT LLC
153 South Liberty Street
Powell, Ohio  43065

*Wise, P.J.,*

{¶1} Defendants-Appellants Dr. Olugbenga Felix Tolani, Feyisayo Tolani, HG Property Holdings LLC and His Grace Medical LLC appeal the decision of the Court of Common Pleas, Delaware County, which granted Plaintiff-Appellee Cugini & Capoccia Builders, Inc.'s motion to enforce settlement agreement.

## STATEMENT OF THE FACTS AND CASE

{¶2} On December 13, 2011, Defendants-Appellants Dr. Olugbenga Felix Tolani, Feyisayo Tolani, HG Property Holdings LLC and His Grace Medical LLC (Appellants), entered into a contract with Plaintiff-Appellee Cugini & Capoccia Builders, Inc. (CCBI) for certain architectural and design services relating to the remodeling of a commercial business in Columbus, Ohio. The purpose of the contract was to provide certain design work relating to the conversion of the building into a space suitable for the Tolanis to begin operating a business known as "The Tolani School of Nursing".

{¶3} On March 21, 2012, the Tolanis caused a contract with CCBI to be executed on their behalf, and on behalf of The Tolani School of Nursing by Feyisayo Tolani. This contract was for the construction by CCBI for the improvements identified in the plans and specifications prepared pursuant to the December, 2011 contract.

{¶4} Appellees herein allege that during the course of construction, Appellants failed to pay amounts due under the construction contract and wrote a series of checks returned by their banks for insufficient funds. Appellees further allege that upon completion of the project, Appellants failed to make the last payment due.

{¶5} On February 3, 2014, CCBI filed a Complaint in the Delaware County Court of Common Pleas naming the four Tolani defendants and containing counts for Breach of Contract, Alter Ego Theory, Declaratory Judgment and Passing Bad Checks.

{¶6} On February 27, 2014, the Tolanis filed their answer and Counterclaim containing counts for Breach of Contract and Unjust Enrichment, alleging defects in the work performed.

{¶7} Over the course of the next year, the parties engaged in settlement negotiations.

{¶8} On September 17, 2015, CCBI filed a Motion to Enforce Settlement Agreement.

{¶9} On September 28, 2015, the Tolani defendants filed their Defendants' Memorandum Contra Plaintiff's Motion to Enforce Settlement Agreement. Attached to the Memorandum Contra was an Affidavit of Dr. Olugbenga Felix Tolani wherein he acknowledged that the parties had engaged in settlement negotiations but denied that a settlement had been reached.

{¶10} On September 30, 2015, CCBI filed a Reply of Plaintiff to Defendants' Memorandum in Opposition to Plaintiff's Motion to Enforce Settlement Agreement.

{¶11} On October 16, 2015, the trial court issued its Judgment Entry Granting Plaintiff's 9/17/2015 Motion to enforce the Settlement Agreement. In said Entry, the trial court found that a valid settlement contract had been reached by the parties, that the parties were bound by said contract, and that CCBI was entitled to enforce the agreement. The trial court granted judgment in favor of CCBI for $35,000.00 in exchange

for CCBI completing a designated list of work items The trial court found these terms to be "[i]n accordance with the parties' settlement agreement."

{¶12} Appellants now appeal, assigning the following (amended)[1] error for review:

**ASSIGNMENT OF ERROR**

{¶13} "I. THE TRIAL COURT ERRED WHEN IT ISSUED ITS ENTRY ENFORCING THE SETTLEMENT AGREEMENT PURPORTEDLY REACHED BETWEEN THE PARTIES, WHEN IT ISSUED JUDGMENT WHEN NO AGREEMENT HAD BEEN REACHED BETWEEN THE PARTIES AND ISSUED A JUDGMENT THAT DID NOT PROPERLY REFLECT THE TERMS OF ANY OF THE DRAFTS OF THE NEGOTIATED SETTLEMENT AGREEMENTS."

**I.**

{¶14} In their sole Assignment of Error, Appellants argue that the trial court erred in granting Appellee's motion to enforce settlement in this matter. We disagree.

{¶15} Appellants argue that a settlement had not been reached in this matter because the parties had not executed a settlement agreement.

{¶16} The trial court, after reviewing the correspondence between counsel for the parties, found that all of the essential elements for a binding contract were present, and that the settlement agreement had been reached and the parties were bound by same.

{¶17} Settlement agreements are considered contracts and, therefore, their interpretation is governed by the law of contracts. *State v. Butts,* 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (1996). The burden of establishing the existence and terms of a

---

[1] Appellant originally alleged as error the trial court's failure to conduct an evidentiary hearing in this matter but moved this Court to dismiss that portion of his assignment of error and amend same accordingly.

settlement agreement rests on the party asserting its existence. *Nilavar v. Osborn,* 127 Ohio App.3d 1, 11, 711 N.E.2d 726 (1998). In addition to consideration, enforceable contracts also require certainty and clarity, as well as a meeting of the minds. *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). A "meeting of the minds" occurs when there is an offer and an acceptance of the offer. *Noroski v. Fallet,* 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). Generally, conduct sufficient to show agreement, including performance, constitutes acceptance of an offer. *Nagle Heating & Air Conditioning Co. v. Heskett,* 66 Ohio App.3d 547, 550, 585 N.E.2d 866 (1990).

{¶18} Further, when the alleged settlement agreement is verbal and not written, the existence and the terms of such agreement must be established by clear and convincing evidence. *Pawlowski v. Pawlowski,* 83 Ohio App.3d 794, 799, 615 N.E.2d 1071 (1992). In determining whether an oral agreement has been established, the trial court may consider the words, deeds, acts, and silence of the parties. *Kostelnik v. Helper,* 96 Ohio St.3d 1, 3, 770 N.E.2d 58 (2002). Vagueness, indefiniteness or uncertainty as to any essential term of an agreement prevents the creation of an enforceable contract. *Rulli* at 376, 683 N.E.2d 337. However, if the parties proceed to act as if the contract was in effect, the contract is enforceable. *Nagle* at 550, 585 N.E.2d 866.

{¶19} In the instant case, evidence was presented that the parties had agreed to the following: (1) Appellants would pay Appellee $35,000; (2) Appellee would complete a defined list of work items; (3) Appellants would deposit the funds into their attorney's trust account, and said funds would be released upon completion of the work; (4) Appellants would deposit the funds on August 24, 2015.

{¶20} On September 11, 2015, counsel for Appellants informed counsel for Appellee that Appellants would not be able to provide the funds for another four to five weeks because they now needed the money for another purpose. Counsel for Appellee requested that a cognovit note now be added to the settlement agreement to guarantee the funds. Appellants argue that the addition of the cognovits note was a new term and that such is evidence that an agreement had not yet been reached.

{¶21} Upon review, we find that the trial court did not err in finding the existence of a completed settlement agreement was proven by clear and convincing evidence.

{¶22} The original terms proposed by Appellee are not disputed by Appellants, and it was Appellants who selected the date for deposit of the funds. Counsel for Appellants agreed and accepted to the modification of the date for deposit of the funds, stating that he would send a copy of a signed agreement memorializing same.

{¶23} Appellants further argue that the trial court failed to incorporate into its Judgment Entry the conditions provided in their "purported final" settlement agreement, stating only instead that "…judgment is granted in favor of the Plaintiff against the Defendants for $35,000.00, and Plaintiff is ordered to complete the designated list of work items." Oct. 16, 2015 JE at 4.  Appellants argue that by failing to include all of the terms of the purported settlement agreement, the trial court is creating a new contract.

{¶24} The actual language in said Judgment Entry is:

{¶25} "For the reasons explained above, the Plaintiff's motion to enforce the settlement is granted. In accordance with the parties' settlement agreement, judgment is granted in favor of the plaintiff against the Defendants for $35,000, and the Plaintiff is ordered to complete the designated list of work items."

**{¶26}** We find that such holding is not in conflict with the terms of the agreement reached by the parties. The parties have agreed to these material terms and if either parties fails to perform their obligations under the contract, such party has a right to move the court to enforce judgment.

**{¶27}** Appellants' Assignment of Error is overruled.

**{¶28}** For the forgoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, P. J.,

Delaney, J., and

Baldwin, J., concur.

JWW/d 0127