[Cite as *Gouveia v. Cvengros*, 2023-Ohio-1325.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| MILDRED GOUVEIA, et al., | CASE NO. 2022-T-0074 |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| SHANNON R. CVENGROS, et al., | |
| Defendant-Appellee. | Trial Court No. 2020 CV 01328 |

**O P I N I O N**

Decided: April 24, 2023
Judgment: Reversed and remanded

*Fred D. Middleton*, 815 Superior Avenue, Suite 1325, Cleveland, OH 44114 (For Plaintiffs-Appellants).

*Daniel N. Gerin*, P.O. Box 4065, Warren, OH 44482 and *Michael E. Lyford*, P.O. Box 6836, Scranton, PA 18505 (For Defendant-Appellee).

JOHN J. EKLUND, P.J.

{¶1}    Appellants, Mildred and Carlos Gouveia, appeal the order of the Trumbull County Court of Common Pleas enforcing an oral settlement of their claims with appellee, Shannon Cvengros. Appellants also appeal the court's order denying their Civ.R. 60(B) motion for relief from judgment.

{¶2}    Appellants have raised four assignments of error arguing that (1) the trial court erred when it ordered settlement of the claims based on mediation negotiations despite appellants' denying entering an agreement to settle; (2) that the trial court erred by failing to consider appellants' pro se brief in opposition to appellee's motion to enforce

settlement; (3) that the trial court erred by failing to hold a hearing on the motion to enforce a settlement; and (4) that the trial court erred by failing to hold a hearing on appellants' Civ.R. 60(B) motion for relief from judgment.

{¶3} Having reviewed the record and the applicable caselaw, we find that the trial court erred by finding that the evidence established, clearly and convincingly, that the parties entered into an oral settlement agreement. The evidence showed that Mildred believed all discussions during mediation were provisional, that her signature on a settlement agreement was a prerequisite to a binding agreement and that Carlos was not present at the mediation. There is nothing in the record to indicate that Carlos directly gave his attorney the authority to bind him in his absence.

{¶4} Therefore, we reverse the judgment of the Trumbull County Court of Common Pleas and remand for further proceedings consistent with this opinion.

## Substantive and Procedural History

{¶5} This claim arose from a motor vehicle accident involving Mildred and appellee. On November 30, 2020, appellants filed a complaint against appellee. Mildred claimed that she suffered injuries because of that accident and Carlos claimed loss of consortium. Appellee filed a counterclaim for her own injuries.

{¶6} After engaging in discovery, the parties participated in mediation on May 20, 2022. The mediation was facilitated by a Trumbull County Court of Common Pleas magistrate via Zoom. Present were Mildred and her counsel, and appellee and her counsel. Carlos did not participate in the mediation. Carlos stated through affidavit that his attorney told him he "should not appear" for the mediation.

{¶7} Purportedly, the parties arrived at a settlement agreement at the conclusion of the mediation. The terms of the agreement involved appellants' executing a release of all claims against appellee in exchange for a sum of $8,000.

{¶8} On May 25 (and amended on May 26), appellee filed a Motion to Enforce Settlement. She asserted:

> All parties including Plaintiff Mildred Gouveia were present for the mediation, along with their respective counsel. Plaintiff agreed to settle her claims against Defendant Cvengros for $8,000.00. At the conclusion of the mediation, [the magistrate] held a joint session with all parties and counsel present and recited the terms of the settlements. All parties indicated their verbal consent to the settlement at that time.

{¶9} Appellee's motion said that appellants' counsel sent a letter to appellee's counsel stating that "my client has refused to sign the release and has advised that she will not accept the $8,000.00 settlement we arrived at during mediation." Appellee did not attach the full communication to her motion.

{¶10} Appellee argued that the parties had reached an oral settlement agreement and asked the court to enforce that agreement.

{¶11} On June 6, appellants' attorney filed a motion to withdraw as counsel stating that appellants "informed him by email that they wish to terminate the services of counsel."

{¶12} On June 13, appellants filed a pro se Response to Defendant's Amended Motion to Enforce. Appellants' motion countered that Mildred had made clear representations to her attorney that she did not wish to settle her case, that she was not prepared for mediation by her attorney, and that her only knowledge of mediation proceedings was gleaned from reading the mediation description contained on the Trumbull County Common Pleas Court's website. Appellants argued that Mildred

3

Case No. 2022-T-0074

reasonably understood the verbal exchange during the mediation proceedings to be non-binding and that she sent her attorney an email the same day to express that she did not want to sign the forthcoming settlement agreement. Appellants did not receive a copy of the settlement agreement until after they terminated their attorney and received the case file from him.

{¶13} Appellants denied that there was a meeting of the minds and asked the trial court to deny enforcement of the purported settlement agreement.

{¶14} On June 14, the trial court issued two judgment entries. The first granted appellants' attorney leave to withdraw from the case. The second granted appellee's Amended Motion to Enforce Settlement.

{¶15} In that judgment entry, the trial court said that no opposition to appellee's motion had been filed. The court found that appellants were represented by competent counsel throughout the litigation, that "the parties reached a settlement during mediation, and the Mediator * * * recited [the] material terms of the settlement to *all parties* and counsel at the conclusion of the mediation." (Emphasis added).

{¶16} The court recited the material terms of the settlement as set forth by the mediator. However, the court did not state how it obtained those material terms. It is unclear if those terms were orally related to the court from the mediator, if the court obtained a copy of the written settlement agreement, or if the court viewed a recording of the mediation. In any case, no copy of the written settlement agreement is in the record.

{¶17} The trial court recited terms of the purported agreement: "for the sole consideration of the sum of Eight Thousand Dollars ($8,000.00), Plaintiffs Mildred

4

Gouveia and Carlos Gouveia release and forever discharge Defendant Shannon R. Cvengros * * *." The court further related the following terms:

- Court costs are to be shared equally by Plaintiff Mildred Gouveia and Defendant Shannon Cvengros;

- For the consideration plaid, Plaintiffs are responsible for any liens or right of reimbursement, including those asserted by any hospital, ambulance service, or other medical provider, Medicare, Medicaid, insurance company, workers compensation provider, or attorney enforceable against the proceeds of this settlement, or against the parties release, or against the persons, firms, or corporations making the payment herein.

- For the consideration paid, Plaintiffs agree to pay and satisfy any asserted lien or right of reimbursement, or to satisfy the same on a compromise basis, and to obtain in any event, a release and discharge of such lien or right, and, in any event, to indemnify and hold harmless the Release Parties herein, from any costs, expenses, attorney fees claims, actions, judgments, or settlements resulting from the assertion or enforcement of such lien by any entity having such lien or right.

{¶18} The trial court found that "all parties, including Plaintiffs, affirmed and consented to these material terms of the settlement at the conclusion of the mediation and are, therefore, bound thereby."

{¶19} Appellants obtained new counsel and, on July 7, filed a Civ.R. 60(B) motion for relief from judgment.

{¶20} Appellant filed a notice of appeal on July 13. Appellee filed a response to the Civ.R. 60(B) motion on July 15.

{¶21} On September 15, this Court remanded the case to the trial court for the limited purposes of allowing the court to rule on the pending Civ.R. 60(B) motion.

{¶22} On September 22, appellant filed an amended Civ.R. 60(B) motion. Appellants requested a hearing and argued that the trial court had failed to consider their

5

response to appellee's motion to enforce when it incorrectly stated that no opposition to appellee's motion had been filed.

{¶23} On September 26, the parties filed a joint motion to dismiss appellee's counter claim.

{¶24} On September 30, the trial court granted the joint motion to dismiss and denied appellants' Civ.R. 60(B) motion without a hearing. The court said that while its judgment entry granting appellee's Motion to Enforce noted "that no opposition was filed to the Motion to Enforce, such notation was in error." The trial court denied the Civ.R. 60(B) motion saying that "[u]pon review, the Court finds the Motion to Vacate Judgment pursuant to Civ.R. 60(B) is not well taken and the same is hereby denied."

{¶25} Appellant raises four assignments of error.

**Assignments of Error and Analysis**

{¶26} Appellants' assignments of error state:

{¶27} "[1.] THE COURT ERRED WHEN IT ORDERED SETTLEMENT BASED ON MEDIATION DESPITE PLAINTIFF'S [sic] DENIAL THEY ENTERED AN AGREEMENT FOR SETTLEMENT OF THE CASE."

{¶28} "[2.] THE COURT ERRED BY EXCLUDING HER FILED PRO SE BRIEF THAT STATED PLAINTIFF NEVER ACCEPTED AN OFFER FOR THE SETTLEMENT."

{¶29} "[3.] THE COURT ERRED WHEN IT IS FORCING A SETTLEMENT ON PARTIES WHO DID NOT ACCEPT OR APPROVE THE SETTLEMENT AND REFUSED TO HAVE A HEARING TO CONSIDER PLAINTIFF'S [sic] FILED MOTIONS TO VACATE THE ORDER OF SETTLEMENT."

6

Case No. 2022-T-0074

{¶30} "[4.] THE COURT ERRED WHEN IT FAILED TO HAVE A HEARING ON THE CIVIL R. 60(b) [sic] MOTION TO VACATE AND TO FIND THE ALLEGED AGREEMENT DID NOT STATE ALL THE NECESSARY TERMS TO CREATE A BINDING CONTRACT."

{¶31} The issue of whether parties have reached a settlement agreement is a question of contract law. *Bernabei v. St. Paul Fire & Marine Ins. Co.,* 5th Dist. Stark No. 2004CA00148, 2005-Ohio-575, ¶ 16. In determining whether the parties entered into a settlement agreement, we defer to the trial court's findings of fact but must determine whether the trial court erred, as a matter of law, in granting appellee's motion to enforce the settlement agreement. *Id.*

{¶32} An oral settlement agreement may be enforced when the terms of the agreement and the assent of the parties can be established by clear and convincing evidence. *Brilla v. Mulhearn*, 9th Dist. No. 23018, 168 Ohio App.3d 223, 2006-Ohio-3816, 859 N.E.2d 578, ¶ 20-21; *Cugini & Capoccia Builders, Inc. v. Tolani*, 5th Dist. Delaware No. 15 CAE 10 0086, 2016-Ohio-418, ¶ 18.

{¶33} Clear and convincing evidence is evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 122, 568 N.E.2d 1222 (1991).

{¶34} "'[W]here there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment.'" *Hopes v. Barry*, 11th Dist. Ashtabula No. 2010-A-0042, 2011-Ohio-6688, ¶ 19, quoting *Rulli v. Fan Co.,* 79 Ohio St.3d 374, 683 N.E.2d 337 (1997), syllabus. However, "'in the absence of such a factual dispute, a court is not required to conduct such an evidentiary

7

hearing.'" *Id.* quoting *Id.* at 377. The purpose of holding an evidentiary hearing is to address ambiguities about the terms or the existence of a settlement agreement. *Id.* at ¶ 32, quoting *Johannsen v. Ward*, 6th Dist. Huron No. H-09-028, 2010-Ohio-4203, ¶ 80. Where the parties do not specifically request an evidentiary hearing or object to the lack of such a hearing, the issue is waived on appeal. *Id.* at ¶ 33.

{¶35} A settlement agreement is a contract between the parties and must contain all the essential terms of a contract. *Id.* at ¶ 38, citing *Rulli* at 376. There must be a meeting of the minds and a valid offer and acceptance. *Id.* When an agreement encompasses "further action toward formalization * * *, so that either party may refuse to agree, there is no contract. In other words, as long as both parties contemplate that something remains to be done to establish a contractual relationship, there is not binding contact." *Id.* at ¶ 41, quoting *Weston, Inc v. Brush Wellman, Inc.*, 8th Dist. Cuyahoga No. 65793, 1994 WL 393685, * 14 (July 28, 2994).

{¶36} "'Evidence of the exact words of offer and acceptance in proof of an oral contract is not essential. It is sufficient if the words, deeds, acts, and silence of the parties disclose the intent to contract and the terms of the agreement.'" *Stoops v. Miller*, 97 Ohio App.3d 265, 267, 646 N.E.2d 552 (11th Dist. 1994), quoting *Rutledge v. Hoffman*, 81 Ohio App. 85, 36 O.O. 405, 75 N.E.2d 608 (1947), paragraph one of the syllabus.

{¶37} To determine whether a meeting of the minds exists, a trial court "must review the testimony of all the witnesses with respect to the credibility, exactness of memory, and all the surrounding circumstances concerning the witnesses' testimony." *Assoc. & Estrel, Inc. v. Davis,* 6th Dist. Lucas No. C.A. L-85-327, 1986 WL 9368, *2 (Aug.

8

Case No. 2022-T-0074

29, 1986); *Shaffer v. Triple Diamond Excavating,* 11th Dist. Trumbull No. 2009-T-0104, 2010-Ohio-3808, ¶ 37.

{¶38} In *Bernabe,* 5th Dist. Stark No. 2004CA00148, 2005-Ohio-575, the Fifth District determined that an oral settlement agreement did not exist because the record was unclear as to which mediation date the proposed agreement was accepted, the parties left mediation with no written agreement being signed, the parties scheduled a later mediation date, no correspondence after the mediation memorialized the agreement, the parties did not notify the court of their settlement, and statements regarding future attempts to resolve the case were unchallenged. *Id.* at ¶ 20-22.

{¶39} In *Aceste v. Stryker Corp.,* 6th Dist. Lucas No. L-19-1166, 2020-Ohio-4938, the Sixth District said that the only evidence of the specific terms of the settlement agreement in the record were in the form of an unsigned agreement. The parties did not request, and the trial court did not hold, a hearing on the motion to enforce the settlement agreement. *Id.* ¶ 48. Therefore, the court's review was "limited to whether the evidence presented to the trial court on the motion to enforce the settlement agreement establishes that a settlement agreement did in fact exist." *Id.* at ¶ 48.

{¶40} The court found that the evidence did not support the existence of an offer and acceptance forming an oral settlement agreement." *Id.* ¶ 50. Nothing in the record linked the unsigned agreement to the oral settlement agreement the parties allegedly reached following mediation. *Id.* at ¶ 59. The court said that the record contained "no separate evidence of the terms of the oral settlement agreement for comparison, there is no affidavit attesting that those were the terms of the oral settlement agreement, and

9

Case No. 2022-T-0074

there is no testimony to that effect either. Simply put, appellees cannot rely solely on a rejected written proposal to establish the terms of a prior oral agreement." *Id.*

**{¶41}** Mediation proceedings are privileged, and the exact nature of the discussions held are subject to that privilege. R.C. 2710.04. One notable exception to that privilege is for mediation communications "contained in a written agreement evidenced by a record signed by all parties to the agreement." R.C. 2710.05(A)(1). A mediator may disclose whether mediation has occurred and whether settlement was reached. R.C. 2710.06(B)(1).

**{¶42}** Here, the parties did not seek, and the trial court did not hold, a hearing on dispute as to the existence of the settlement agreement. Appellants, appellee, and the trial court seem to be in agreement as to the terms of the purported settlement agreement – that appellants would receive $8,000 for the release of all claims.

**{¶43}** However, there is a factual dispute about whether appellants evidenced proof of acceptance of the agreement or that there was a meeting of the minds. Appellants did not sign any written agreement at the conclusion of the mediation. Although the docket states that the mediation resulted in settlement, mediation privilege necessarily limits the inquiry into the exact nature of the discussions held during mediation which would support such a conclusion. Therefore, as in *Aceste, supra*, our review is limited to the parties' motions as to whether the evidence clearly and convincingly established that such settlement did in fact exist.

**{¶44}** As to Mildred, the evidence does not clearly and convincingly support a finding that she accepted the settlement agreement or that the parties reached a meeting of the minds. Mildred asserts that she understood the mediation discussions to be

10

preliminary and that the agreement would only become binding once she signed it. Her actions immediately after the mediation reflect this understanding as she emailed her attorney to express her unwillingness to accept the proposed settlement agreement.

{¶45} Her attorney's email to appellee's counsel stated that "my client has refused to sign the release and has advised that she will not accept the $8,000.00 settlement we arrived at during mediation." At the time Mildred's attorney sent that email, Mildred had not yet received a copy of the settlement agreement. Mildred's affidavit attached to her Civ.R. 60(B) motion for relief from judgment specifically says that she told her attorney during mediation that she did not agree to the terms of the settlement. Mildred's actions are those of one who believes more action remains to establish the agreement and the evidence does not clearly and convincingly support that Mildred accepted the settlement agreement.

{¶46} As to Carlos, the evidence does not clearly and convincingly support finding that he accepted any settlement agreement, proposed or otherwise, or that the parties reached a meeting of the minds. Carlos was not present for the mediation. Carlos' affidavit states that his attorney told him not to attend mediation and that he was not told the offer or terms of the settlement agreement discussed during mediation. The trial court found that the mediator recited the terms of the agreement to "all parties," and that "all parties, including Plaintiffs, affirmed and consented" to the material terms of the agreement. However, this is obviously not accurate. Because Carlos was not present at the mediation and nothing in the record indicates that Carlos gave his attorney the authority to bind him to the settlement agreement in his absence, the record does not support finding that Carlos assented to the orally related terms of the settlement agreement.

11

Case No. 2022-T-0074

{¶47} The trial court erred when it found that the parties affirmed and consented to the material terms of the settlement agreement discussed during the mediation.

{¶48} Accordingly, appellants' first assignment of error has merit.

{¶49} Because we hold that the record does not demonstrate an enforceable settlement agreement between the parties, appellants' remaining assignments of error are denied as moot.

{¶50} For the foregoing reasons, the Trumbull County Court of Common Pleas' June 14, 2022 judgment enforcing the settlement agreement is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

12